# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CHAIDEZ,<br>CDC #F-47646,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>A. JOHNSON, et al.<br><br><br><br>　　　　　　　　　　　Defendants. | Civil No.　　07-0891 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2];**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

　　　Plaintiff, Roberto Chaidez, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding pro se, has filed a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

////

I.      **Motion to Proceed IFP [Doc. No. 2]**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850. Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [Doc. No. 2] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

////

////

1       Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No.
2 2], and assesses no initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (court shall
3 assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event
4 shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has
5 no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850
6 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's
7 IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when
8 payment is ordered."). However, Plaintiff is required to pay the full $350 filing fee mandated
9 by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison
10 trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

11 **II.    Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

12       The PLRA also obligates the Court to review complaints filed by all persons proceeding
13 IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused
14 of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or
15 conditions of parole, probation, pretrial release, or diversionary program," "as soon as
16 practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these
17 provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion
18 thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from
19 defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203
20 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,
21 446 (9th Cir. 2000) (§ 1915A).

22       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte
23 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is
24 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,
25 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing
26 an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of
27 the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection
28 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

While not entirely clear, Plaintiff appears to allege that a San Diego Superior Court Judge, a San Diego Superior Court Commissioner, and San Diego Assistant District Attorneys all conspired to violate his constitutional rights which led to being "illegally held as a hostage." (Compl. at 2-3.) Plaintiff also appears to allege that he was prevented from appearing at his criminal trial because he had been beaten by San Diego Jail officers in 2002. (*Id.* at 5.)

First, a suit for damages under 42 U.S.C. § 1983 based on the alleged conspiracy to convict him amounts to attack on the validity of Plaintiff's underlying criminal conviction, and as such, will not be cognizable under 42 U.S.C. § 1983 unless and until Plaintiff is able to show that his underlying conviction in his San Diego Superior Court Case has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. A civil rights claim challenging the legality of a conviction or the length of confinement that has not been so invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

*Heck* held that "when a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck*, 512 U.S. at 487 (emphasis in original). An action that is barred by *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for damages after the underlying conviction has been invalidated. *Edwards*, 520 U.S. at 649; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995).

If Plaintiff were to succeed on his claims that the trial judge and district attorney conspired to convict him of the criminal charges, he would necessarily call into question the validity of his conviction and continuing incarceration. Plaintiff has not alleged that he has had his conviction declared invalid as required by *Heck*. Therefore, his Complaint fails to state a claim upon which relief may be granted, and this action is subject to dismissal without prejudice.[1] *Heck*, 512 U.S. at 486-87.

Second, Plaintiff's claims against the San Diego District Attorney must likewise be dismissed on immunity grounds. *See* 28 U.S.C. § 1915A(b)(2). Criminal prosecutors are absolutely immune from civil damages suits premised upon acts committed within the scope of their official duties which are not administrative or investigative in nature, but rather are

---

[1] The Court will not convert the present action into a habeas petition due to the implications of the abuse of the writ doctrine. *See Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble*, 49 F.3d at 586.

1  "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500 U.S. 478, 487-93 (1991).

Finally, Court further cautions Plaintiff that to the extent he is seeking money damages against Judge Hanscom in his capacity as the Superior Court Judge presiding over his criminal proceedings, it will nevertheless also be subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915A(b)(2). Judges are absolutely immune from suits for money damages for acts performed in their official capacities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

For all these reasons, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

### III. Conclusion and Order

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

////

////

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: July 11, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge