UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CHAIDEZ,<br>CDC #F-47646,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br><br>A. JOHNSON, et al.<br><br><br><br><br>                                    Defendants. | Civil No.    07-0891 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S REQUEST FOR REHEARING [Doc. No. 10];**<br><br>**(2)  DISMISSING FIRST AMENDED COMPLAINT AS FRIVOLOUS AND FOR SEEKING MONETARY DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b); AND**<br><br>**(3) DENYING PLAINTIFF'S REQUEST FOR "INJUNCTION/STAY" AS MOOT [Doc. No. 12]** |

**I.     Procedural History**

On May 15, 2007, Plaintiff, Roberto Chaidez, a state prisoner currently incarcerated at the Richard J. Donovan Correctional Facility and proceeding pro se,  filed a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff did not prepay the $350 filing fee mandated by 28

1  U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to
2  28 U.S.C. § 1915(a) [Doc. No. 2].

3  On July 11, 2007, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte
4  dismissed his Complaint for failing to state a claim and for seeking monetary damages against
5  immune Defendants. *See* July 11, 2007 Order at 6-7. In his original Complaint, Plaintiff
6  alleged, among other things, that a San Diego Superior Court Judge, a San Diego Superior Court
7  Commissioner and a San Diego Deputy District Attorney all conspired to violate his
8  constitutional rights which led to being "illegally held as a hostage" in a California state prison.
9  (*See* orig. Compl. at 2-3.) This Court found that a majority of Plaintiff's claims were barred by
10 the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See* July 11, 2007
11 Order at 4-5. That is, a finding by this Court that Plaintiff's constitutional rights were violated
12 during his criminal trial would "necessarily imply the invalidity of his conviction or sentence."
13 *Heck*, 512 U.S. at 487. Accordingly, Plaintiff is barred from bringing this § 1983 action unless
14 or until he has invalidated the underlying conviction. *Id.* Plaintiff was unable to demonstrate
15 in his original Complaint that his underlying conviction had been invalidated.

16 Moreover, the Court informed Plaintiff that his claims against the prosecuting attorney
17 and the judges that had presided over his criminal trial must be dismissed on immunity grounds.
18 Prosecutors are immune from civil damage suits where claims are premised on their duties that
19 are "intimately associated with the judicial phase of the criminal process." *See* July 11, 2007
20 Order at 5-6 (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Moreover, the claims
21 against San Diego Superior Court Judges were likewise immune from suits for money damages
22 where the acts are performed in their official capacity. *Id.* at 6 (citing *Mireles v. Waco*, 502 U.S.
23 9, 11-12 (1991)).

24 Despite these deficiencies of pleading, the Court permitted Plaintiff leave to file an
25 Amended Complaint and informed him that if the Amended Complaint, failed to "state a claim
26 upon which relief may be granted, it may be dismissed without further leave to amend and may
27 hereafter be counted as a "strike" under 28 U.S.C. § 1915(g)." *Id.* at 7 (citing *McHenry v.*
28

1 | *Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996)). On October 31, 2007, Plaintiff filed a First
2 | Amended Complaint ("FAC").

## II. Plaintiff's Request for Rehearing [Doc. No. 10]

Plaintiff filed his First Amended Complaint on October 31, 2007. Before the Court conducted its sua sponte screening, Plaintiff filed a "Request for Rehearing" on December 7, 2007. While the relief he is seeking in this request is not entirely clear, Plaintiff appears to be confused as to the timing of the filing of his First Amended Complaint. Pursuant to the Court's first screening Order regarding Plaintiff's original Complaint, Plaintiff was to have filed a First Amended Complaint by August 26, 2007. Instead, the Court received Plaintiff First Amended Complaint on October 31, 2007. While prison officials may or may not have played a role in the delay of the Court's receipt of Plaintiff's First Amended Complaint, Plaintiff was not harmed by the delay as the Court permitted the First Amended Complaint to be filed despite its untimeliness. *See* Discrepancy Order dated October 31, 2007, Docket No. 6. Accordingly, Plaintiff's Request for Rehearing is **DENIED**.

## III. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

1  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's First Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff's First Amended Complaint is over fifty pages long and consists of a rambling narrative in which he appears to allege there is a "secret conspiracy" to keep him in prison. (FAC at 3.) Plaintiff also claims that he is being held "hostage" by the California Department of Corrections and Rehabilitation. (*Id.* at 12.) In addition, Plaintiff claims that the San Diego Superior Court Judge and Assistant District Attorney conspired to appoint a non-attorney as Plaintiff's appointed public defender in his criminal trial. (*Id.* at 35.) A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court finds Plaintiff's claims to be frivolous under §1915(e)(2)(B) because they lack even "an arguable basis either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 325, 328.

Accordingly, the Court finds that Plaintiff's First Amended Complaint must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1)   Plaintiff's Request for Rehearing is **DENIED** [Doc. No. 10]; and

(2)   Plaintiff's First Amended Complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

**IT IS FURTHER ORDERED** that:

(3)   Plaintiff's Request for "Injunction/State" [Doc. No. 12] is **DENIED** as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED:  December 18, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge